**FILED**

Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

SEP 29 2021

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Fernando Gastelum,

        Plaintiff,

vs.

LL Sacramento LP dba Larkspur Landing Sacramento,

        Defendant.

Case No.: 2:21-cv-01481-KJM-JDP

**ANSWER TO MOTION TO DISMISS THE COMPLAINT**

    This is the second time that Mr. Stillman threatens me for filing a civil rights complaint. He now threatens me with filing a Rule 11 Motion for Sanctions for filing the complaint unless I dismiss it. Exhibit 1. This threat follows another similar threat that I received from Mr. Stillman in a different case. Here is the e-mail I received, Exhibit 2:

> As you know, I represent defendant TC HERITAGE INN 2 OF BAKERSFIELD LLC. Attached hereto is a Notice of Motion and Motion for Rule 11 Sanctions. Pursuant to Fed.R.Civ.P. 11, you are entitled to 21 days' notice before a party can file a Motion for Sanctions, which you are being given today. If you do not withdraw your frivolous and false complaint, my client will file the attached motion, and seek all of its attorney's fees incurred in defending this frivolous action.
>
> Remember this email. I intend to get your complaint dismissed, require you to post a bond in the unlikely event that it is not dismissed with prejudice, and my client *will* seek all of its attorney's fees from you. I think

1

that your litigation history from the Arizona federal courts speaks for itself, but my client will also seek to have you declared a vexatious litigant, which will require you to obtain prior permission from the presiding judge *before* you file a complaint. At this time, my client will accept an immediate dismissal with prejudice, and you may go about your business against other defendants. If not, I will be filing a motion to dismiss based on *Gastelum v. Canyon Hospitality, LLC*, which others whom you have sued will be able to access and use to get your complaints dismissed against them with little cost to them, which will further impede your new business venture in California.

I strongly encourage you to take this matter seriously.

I do not appreciate being attacked by Mr. Stillman when all I am trying to assert my civil rights. I have read the **CREEC** case and **Whitaker** case, I visited the hotel before I sued it, I encountered barriers and I am deterred from returning. My complaint may not have legalese, but I am smart enough to understand that my civil rights have been violated. I do not deserve to be treated the way Mr. Stillman treats me. I filed a three page complaint that shows I am missing a leg, I visited Defendant's hotel and I found numerous violations of the ADA. It shouldn't matter that sometimes I use a wheelchair and sometimes I use a prosthetic leg and a cane because it is impractical to use a wheelchair where a public accommodation is not wheelchair friendly, like the hotel in this case.

I was always under the impression that lawyers are not supposed to intimidate and threaten people. I had no idea that filing an ADA claim by a disabled person is wrong.

Defendant claims that my case must be dismissed because, according to Mr. Stillman, it does not tell "(1) the scope of Plaintiff's alleged disability, (2) how any of the alleged 'barriers' that Plaintiff supposedly found at the Hotel are barriers to *him* (meaning me) and (3) that Plaintiff has any, *bona fide* intent to return to the Hotel."

What Mr. Stillman says is just wrong. In the very first paragraph of the Complaint, I say, "My name is Fernando Gastelum. I am 61 years old. I am

2

missing a leg and use a wheelchair for mobility." Then, in Paragraphs 4 (a) –(e) I describe the barriers and how these barriers are barriers to me. I state:

> 4. When I came to the Public Accommodation, I noted that it was not compliant with the Americans with Disabilities Act and the California's civil rights laws and California disabled person's law:
>
>    a. Accessible parking sign was too low. This condition makes the accessible parking more available to fully bodied drivers which limits my access.
>
>    b. There were unsecured Carpets at this location. This condition makes it more difficult for me to move my wheelchair over the carpets.
>
>    c. Numerous doors on accessible routes require greater than 5 lbs of force to open. This condition makes it more difficult for me to enter the doors with my wheelchair.
>
>    d. There was no marked access aisle in the passenger loading zone This condition makes it more difficult for me to enter or exit the vehicle from a wheelchair.
>
>    e. Accessible parking is not dispersed to all accessible entrances. This condition makes it more difficult for me to access each entrance at the shortest possible route.

In Paragraph 6 I also say that "I will not want to revisit the Public Accommodation because it is not fully compliant with the Americans with Disabilities Act and the California's civil rights laws and California civil rights laws." But of course, I will revisit the Public Accommodation when it has fully complied with the Americans with Disabilities Act and the California's civil rights laws.

I also say that " I was denied equal access to the hotel by defendant by not complying with the ADA and California's civil rights laws as stated above". All these statements are true.

3

In the section "RELIEF REQUESTED" I ask for:

1. Order Defendant to comply with the ADA and California civil rights law or close its Public Accommodation.

2. Order Defendant to pay my cost and expenses. If I retain a lawyer, then also lawyer's fees.

3. Damages under California law for $4,000 per violation for a total to be determined at a hearing.

4. Other relief that I am entitled to.

## I. I Have Standing.

In response to Mr. Stillman's almost identical motion filed in the other case, I googled "standing" and "ADA" and "9th Circuit". I was taken to the following website http://cdn.ca9.uscourts.gov/datastore/opinions/2021/01/25/19-56497.pdf. The website contains a decision **Brian Whitaker v. Tesla Motors**. This case discusses "standing". It says that **Brian Whitaker** had "standing" because his complaint alleged that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability and that the barrier deters him from returning. The Court said that these allegations are sufficient to establish injury-in-fact for purposes of standing.

My Complaint makes exactly the same statements. (1) I am disabled and use a wheelchair for mobility. (2) I state that I visited Defendant's premises. (3) I say that I personally encountered barriers that relate to my missing leg. (4) I say that I will not return until the Hotel is ADA compliant. And these statements are true.

I also googled and came across another decision that supports my position. **Civil Rights Education and Enforcement Center v. Hospitality Properties Trust**.

4

## II. My Complaint Is Good.

The **Brian Whitaker v. Tesla Motors** case also says that **Brian Whitaker** had to explain **how** the service counter at the Tesla dealership denied him full and equal access. The Court stated that **Brian Whitaker's** complaint failed to answer the basic question:

> The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

But my complaint clearly shows how the barriers relate to my missing leg. It is not as if I am blind and complaining about mobility barriers. I am missing a leg and I complain about mobility barriers at the hotel. I tried to explain this in paragraph 4(a)-(e) of my Complaint where I say:

a. Accessible parking sign was too low. This condition makes the accessible parking more available to fully bodied drivers which limits my access.

b. There were unsecured Carpets at this location. This condition makes it more difficult for me to move my wheelchair over the carpets.

c. Numerous doors on accessible routes require greater than 5 lbs of force to open. This condition makes it more difficult for me to enter the doors with my wheelchair.

d. There was no marked access aisle in the passenger loading zone This condition makes it more difficult for me to enter or exit the vehicle from a wheelchair.

e. Accessible parking is not dispersed to all accessible entrances. This condition makes it more difficult for me to access each entrance at the shortest possible route.

## III. Ryan Optaz's, Troy Sims's, and Phillip Stillman's Declarations.

I do not think it is fair that Ryan Optaz and Troy Sims are allowed to submit Declarations that are pretty misleading. I have detailed how they are misleading in my own attached Declaration which is part of this Answer.

With respect to Mr. Stillman's Declaration, I do not know how it relates to his client's violations of the Americans with Disabilities Act. I am like Mr. Whitaker in the **Whitaker v. Tesla** case. I file many cases. But, unlike Mr. Whitaker, I allege precisely how my lost limb is affected by the barriers at Defendant's hotel.

Again, I do not appreciate Mr. Stillman threatening me. I may not be a lawyer, but my claim follows the cases pretty good.

I attach my own declaration that provides further detail of the violations at the Hotel, and specifically describes how these violations denied me equal access. My Declaration also addresses the Declarations submitted by Mr. Stillman.

**RESPECTULLY SUBMITTED** this 27th day of September 2021.

Fernando Gastelum

I mailed this Answer to the Clerk of the United States District Court Eastern District Of California on this 27th day of September, and emailed to copy to counsel for Defendant.

Fernando Gastelum

6

# EXHIBIT 1

Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant LL SACRAMENTO, L.P.

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, an individual,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>LL SACRAMENTO, L.P. dba Larkspur Landing Sacramento,<br><br>　　　　　　　Defendant. | Case No. 2:21-cv-01481-KJM-JDP<br><br>**NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS**<br><br>Date:<br>Time:　　10 a.m.<br>Courtroom: 3, 15th Fl. |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Notice of Motion and Motion for Rule 11 Sanctions

1        PLEASE TAKE NOTICE THAT on _____, or as soon thereafter as the matter
2  may be heard in the above-entitled court, LL Sacramento, L.P. ("Defendant") will and
3  hereby does move the Court for an Order imposing sanctions for
4  filing a frivolous Complaint. This motion is brought on the following grounds:

5      1.    Plaintiff Fernando Gastelum, a resident of Arizona, is a veteran vexatious
6  litigant in the Arizona courts who has expanded his ambitions to ADA tourism in
7  California, hoping to cash in on the Unruh Act "gold rush." Formerly represented by Peter
8  Strojnik, a disbarred lawyer who was himself declared a vexatious litigant in the California
9  state courts and the Northern and Central Districts of California (with a motion pending in
10 the Southern District), Gastelum is now striking out on his own by filing in excess of
11 thirteen frivolous complaints against hotels and businesses in Bakersfield and San Diego
12 that are based on abject falsehoods to this Court. This is not news. *See Gastelum v.*
13 *Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 U.S. Dist. LEXIS 87850, at
14 *13-14 (D. Ariz. May 25, 2018), where the Court held:

> Based upon the above facts the Court concludes that Mr. Gastelum and his counsel Mr. Strojnik are engaged in a joint enterprise in which they are filing multiple suits against any Phoenix area lodgings . . . without reference to whether Mr. Gastelum actually had any intent to make future visits to those facilities for reasons not related to his pursuit of ADA claims against them. Given the facts of this case Mr. Gastelum has failed to establish that he would have any likelihood of revisiting these facilities except to the extent it would be deemed necessary for him to do so to bring suit against each of the Defendants.

20     2.    Although in pro per, Gastelum filed over 133 complaints in Arizona, and
21 clearly knows the requirements to properly plead a claim against a defendant. *See Canyon*
22 *Hospitality, supra*. He also clearly knows about the requirements to establish standing. *Id.*
23 He has not done so.

24     3.    He also knows that it is not suggested but required to plead facts in his
25 complaints that are the truth, i.e., not fabrications. He has not done so in this case, and
26 provably so.

28     4.    Rule 11(b) states that "By presenting to the court a pleading, written motion,

Notice of Motion and Motion for Rule 11 Sanctions     -1-

1 | or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

5. By filing the Complaint that Gastelum knows is improper as a matter of law, Gastelum has violated Rule 11(b) and his Complaint is frivolous as a matter of law and totally without merit. Accordingly, sanctions against Gastelum are required to curtail this frivolous and harassing conduct.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Philip H. Stillman, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing, if any.

WHEREFORE, defendant respectfully requests that this Court impose sanctions on Plaintiff pursuant to Rule 11, in an amount to be determined by this Court but no less than $6,500.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: September 26, 2021

By: _____
Philip H. Stillman, Esq.
Attorneys for defendant

## PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on September 26, 2021 or as soon as possible thereafter, copies of the foregoing Notice of Motion and Motion, the Memorandum of Points and Authorities filed was served electronically via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for DEFENDANT

# EXHIBIT 2

 Gmail                                                  Fernando Gastelum <fernandog8899@gmail.com>

## Notice of Motion and Motion for Rule 11 Sanctions
1 message

**Philip H. Stillman** <pstillman@stillmanassociates.com>                    Wed, Sep 8, 2021 at 9:40 AM
To: Fernando Gastelum <fernandog8899@gmail.com>

As you know, I represent defendant TC HERITAGE INN 2 OF BAKERSFIELD LLC. Attached hereto is a Notice of Motion and Motion for Rule 11 Sanctions. Pursuant to Fed.R.Civ.P. 11, you are entitled to 21 days' notice before a party can file a Motion for Sanctions, which you are being given today. If you do not withdraw your frivolous and false complaint, my client will file the attached motion, and seek all of its attorney's fees incurred in defending this frivolous action.

Remember this email. I intend to get your complaint dismissed, require you to post a bond in the unlikely event that it is not dismissed with prejudice, and my client *will* seek all of its attorney's fees from you. I think that your litigation history from the Arizona federal courts speaks for itself, but my client will also seek to have you declared a vexatious litigant, which will require you to obtain prior permission from the presiding judge *before* you file a complaint. At this time, my client will accept an immediate dismissal with prejudice, and you may go about your business against other defendants. If not, I will be filing a motion to dismiss based on *Gastelum v. Canyon Hospitality, LLC*, which others whom you have sued will be able to access and use to get your complaints dismissed against them with little cost to them, which will further impede your new business venture in California.

I strongly encourage you to take this matter seriously.


Philip H. Stillman | STILLMAN • ASSOCIATES
3015 North Bay Road | Suite B |
Miami Beach, FL 33140 |
V: 888.235.4279 | F: 888.235.4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

*Licensed to Practice in California and Massachusetts*

Confidentiality Notice: The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2510, *et seq.*, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (888) 235-4279 and return the original message to us at pstillman@stillmanassociates.com.