UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, | Case No. 2:21-cv-01481-KJM-JDP (PS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| LL SACRAMENTO LP, | ECF No. 7 |
| Defendant. | ORDER GRANTING DEFENDANT'S MOTION FOR AN EXTENSION AND DENYING BOTH PARTIES' MOTIONS TO STRIKE |
| | ECF Nos. 13, 14, & 17 |
| | OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff Fernando Gastelum, proceeding without counsel, alleges that defendant LL Sacramento LP's hotel is not compliant with the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and related state laws. Defendant moves to dismiss the complaint, arguing that plaintiff lacks standing. ECF No. 7. Plaintiff opposes defendant's motion and has introduced a declaration in support of his standing. ECF Nos. 10 & 11.[1] I recommend that defendant's motion to dismiss be granted.

---

[1] Defendant submitted an untimely reply brief, which incorporates an explanation that the brief was delayed due to a calendaring error; I will construe this explanation as a request for an extension. ECF No. 13. Although plaintiff moves to strike the reply as untimely, ECF No. 14, I will grant defendant's extension request and deny plaintiff's motion to strike. Additionally,

1

**Background**

The complaint alleges that plaintiff is "missing a leg and use[s] a wheelchair for mobility." ECF No. 1 at 1. On July 3, 2021, plaintiff visited defendant's Sacramento hotel. *Id*. Plaintiff states that while at the hotel he "noted that it was not compliant with the Americans with Disabilities Act . . . [and] California's civil rights laws . . . ." *Id*. Specifically, he alleges:

> a. Accessible parking sign was too low. This condition makes the accessible parking more available to fully bodied drivers which limits my access.
>
> b. There were unsecured Carpets at this location. This condition makes it more difficult for me to move my wheelchair over the carpets.
>
> c. Numerous doors on accessible routes require greater than 5 lbs of force to open. This condition makes it more difficult for me to enter the doors with my wheelchair.
>
> d. There was no marked access aisle in the passenger loading zone. This condition makes it more difficult for me to enter or exit the vehicle from a wheelchair.
>
> e. Accessible parking is not dispersed to all accessible entrances. This condition makes it more difficult for me to access each entrance at the shortest possible route.

*Id*. at 1-2. Due to these barriers, plaintiff contends that he "was denied equal access" to the hotel and that he "will not want to revisit the [hotel] because it is not fully compliant with" the ADA and California law. *Id*.

**Request for Judicial Notice**

Defendant asks that the court take judicial notice of: (1) a "spreadsheet downloaded from PACER showing Plaintiff's cases filed in the federal district courts in California since July 9, 2021"; and (2) "copies of complaints filed by Plaintiff against hotels in Bakersfield, Gilroy and San Diego arising from his visit to California between June 29 and July 4, 2021." ECF No. 7-5 at 2. These documents are properly subject to judicial notice; they are "not subject to reasonable dispute" and emanate "from sources whose accuracy cannot reasonably be questioned." Fed. R.

---

defendant has submitted a notice of recent authorities, ECF No. 15, to which plaintiff has responded, ECF No. 16. Defendant moves to strike the response as an improper surreply. ECF No. 17. I will deny defendant's motion and consider all the filings.

1  Evid. 201; *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)

2  (taking judicial notice of filings from other federal court proceedings as matters of public record).

3  Defendant's request for judicial notice is granted.

## Legal Standard

5  "Standing is the threshold issue of any federal action, a matter of jurisdiction because 'the

6  core component of standing is an essential and unchanging part of the case-or-controversy

7  requirement of Article III.'" *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v.*

8  *Anchor Cap. Advisors*, 498 F.3d 920, 923 (9th Cir. 2007) (quoting *Lujan v. Defs. of Wildlife*, 504

9  U.S. 555, 561 (1992)). As a jurisdictional requirement, standing is properly addressed in a

10  motion under Federal Rules of Civil Procedure 12(b)(1), *White v. Lee*, 227 F.3d 1214, 1242 (9th

11  Cir. 2000), and establishing it is plaintiff's burden, *Kokkonen v. Guardian Life Ins. Co. of Am.*,

12  511 U.S. 375, 377 (1994).

13  A jurisdictional challenge made under Rule 12(b)(1) can be facial or factual. *Safe Air for*

14  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party

15  asserts that the allegations in the complaint are "insufficient on their face" to establish federal

16  jurisdiction. *Id.* "Whether subject matter jurisdiction exists therefore does not depend on

17  resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe v.*

18  *Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In evaluating such a claim, the court accepts the

19  allegations as true, and the plaintiff need not present evidence outside the pleadings. *Id.*

20  In a factual jurisdictional challenge, the moving party "disputes the truth of the allegations

21  that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

22  "When challenged on allegations of jurisdictional facts, the parties must support their allegations

23  by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). The court does not

24  simply accept the allegations in the complaint as true. *Safe Air*, 373 F.3d at 1039. Instead, it

25  makes findings of fact, resolving any material factual disputes by independently evaluating the

26  evidence. *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

27  However, when "ruling on a jurisdictional motion involving factual issues [that] also go to the

28  merits, the trial court should employ the standard applicable to a motion for summary judgment."

*Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  Under this standard, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.*

**Discussion**

Plaintiff brings claims against defendant for violations of the ADA and certain state laws—namely, the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("Unruh Act"), and the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.3 ("DPA").  Defendant moves to dismiss, arguing that plaintiff lacks standing to bring his ADA claim.  ECF No. 7.

To establish Article III standing, plaintiff must show (1) an injury-in-fact that is both (2) causally connected to defendant's challenged conduct and (3) likely to be "redressed by a favorable decision."  *Lujan*, 504 U.S. at 560-61 (internal citations and quotation marks omitted).  The injury-in-fact must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Id.* at 560 (internal citations and quotation marks omitted).  "An ADA plaintiff suffers a legally cognizable injury under the ADA if she is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities . . . of any place of public accommodation.'"  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)).

Because injunctive relief is the only relief available to private plaintiffs under the ADA, a plaintiff must also have standing to pursue injunctive relief, which is established by demonstrating a "real and immediate threat of repeated injury" in the future.  *Id.* at 946.  An ADA plaintiff can demonstrate this by showing either: (1) that he "intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier," or (2) that the knowledge of "discriminatory architectural barriers deter him from returning to a noncompliant accommodation."  *Id. at* 950.

**Standing to Pursue Injunctive Relief**

Defendant brings both a facial and factual challenge to plaintiff's standing to pursue injunctive relief.  ECF No. 7-1 at 17-21; *see also Gastelum v. TC Heritage Inn 2 of Bakersfield LLC*, 1:21-CV-1230-JLT-BAK-SAB, 2022 WL 541791, at *4 (E.D. Cal. Feb. 23, 2022) (finding,

4

in a case involving plaintiff, that where a defendant both attacked the sufficiency of the allegations in the complaint and presented evidence in support of the motion, the defendant had "raise[d] both a factual attack and a facial attack"). In the complaint, plaintiff alleges that he "will not want to revisit the Public Accommodation because it is not fully compliant with the [ADA]." ECF No. 1 at 2. Plaintiff clarifies in his declaration that this statement is intended to express that the alleged future injury is that the discriminatory barriers at defendant's hotel deter him from returning. ECF No. 11 at 10.

"To establish standing based on deterrence, an ADA plaintiff must demonstrate that he would return but for the barrier." *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015). Because the threat of future injury must be real and immediate, a plaintiff must offer more than conclusory allegations of deterrence. *See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014) (finding that an ADA plaintiff who encountered a barrier at a hospital but alleged no reason or intent to return to the hospital in the future lacked standing for injunctive relief). "Past visits to the establishment and its geographic area, as well as specific articulated reasons to return, all lend plausibility to allegations of intent to return once a barrier is cured." *Whitaker v. Ramon Bravo, Inc.*, 21-CV-03714-JCS, 2021 WL 4133871, at *4 (N.D. Cal. Sept. 10, 2021); *see D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) ("[W]here, as here, the public accommodation being sued is far from the plaintiff's home, we have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible.").

Defendant first brings a facial challenge, arguing that plaintiff's allegations are insufficient to establish that he would return to the hotel but for the alleged barriers. ECF No. 7-1 at 17-21. Defendant notes that plaintiff fails to allege that he has ever stayed overnight at the hotel, that he travels frequently to the area, or that he has specific plans or reasons to return. ECF No. 7-1 at 19-20. Indeed, as in certain cases previously filed by plaintiff, he "offers no more than a conclusory statement that he does not want to revisit the hotel due to its alleged failure to comply with the ADA and California law." *Gastelum*, 2022 WL 541791, at *10; *see* ECF Nos. 1,

5

10, & 11. Such conclusory statements are insufficient to plead standing to pursue injunctive relief based on a theory of deterrence, especially considering that plaintiff does not live near defendant's hotel.[2] *See id*. (holding that plaintiff Gastelum failed to plead a bona fide intent to return to defendant's hotel but for the alleged discrimination); *Gastelum v. KPK Hosp. LLC*, EDCV 21-1510 JGB KKX, 2022 WL 2101907, at *4 (C.D. Cal. May 5, 2022) (holding that plaintiff Gastelum's "vague and unsupported assertion" that he is "often at the location where the Hotel is located" was insufficient to satisfy the standing requirement).[3]

Defendant also brings a factual challenge, arguing that the record demonstrates that plaintiff has not been genuinely deterred from returning. *See* ECF No. 7-1 at 18-20. In addition to pointing to the absence of facts—either alleged or attested to in plaintiff's declaration—that would indicate frequent travel, plans, or reasons for travel in the Sacramento area, *id*. at 18, defendant submits a declaration from the manager of the hotel attesting that "there is no record of anyone named Fernando Gastelum" either staying at the hotel or making a reservation at the hotel "on July 3 or any time prior to July 3," ECF No. 7-2 at 2. Defendant also notes that plaintiff filed ADA suits against fourteen California hotels in cities including San Diego, Gilroy, Bakersfield, and Sacramento, which he claimed to have visited between June 28 and July 4, 2021. *See* ECF No. 7-1 at 10, 23. Such facts, defendant contends, support an inference that "[plaintiff] drove to Sacramento expressly to sue a hotel and then turned around and went to Bakersfield." *Id.* at 20. In plaintiff's declaration, he acknowledges that he did not stay at defendant's hotel during his

---

[2] Plaintiff lives in Casa Grande, Arizona, ECF No. 1 at 1, which is an approximately 800-mile drive from Sacramento.

[3] Plaintiff cites *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr. ("CREEC")*, 867 F.3d 1093, 1101 (9th Cir. 2017), apparently to suggest that the Ninth Circuit has relieved ADA plaintiffs of the obligation to plead more than conclusory allegations of deterrence. *See* ECF No. 10 at 4. Although that case held that standing is not defeated either by a plaintiff's motives as an ADA "tester" or by the failure to engage in the "futile gesture" of personally encountering a discriminatory barrier, *see CREEC*, 867 F.3d at 1099-02, the court of appeals nonetheless maintained that it was within the purview and capacity of district courts to make case-by-case determinations of whether plaintiffs had sufficiently alleged imminent future injuries, *id*. at 1100. In support of this point, the Court of Appeals favorably cited a case that "assess[ed] various factors in determining whether [a] plaintiff suing under ADA Title III was likely to actually visit the [challenged facility], including prior visits, proximity of residence to store, plans for future visits, and status as an 'ADA tester who has filed many similar lawsuits.'" *Id.* (quoting *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1335-37 (11th Cir. 2013)). Thus, plaintiff's argument is unavailing.

6

1 visit to Sacramento but contends that "[t]he ADA violations prevented [him] from saying there."
2 ECF No. 11 at 12.  He does not dispute defendant's other arguments or provide additional facts
3 that would indicate an intent to return to Sacramento and a desire to stay at defendant's hotel if
4 the alleged barriers were removed.  *See* ECF Nos. 10 & 11; *D'Lil*, 538 F.3d at 1037.  Rather, his
5 opposition merely reiterates that "of course, [he] will revisit the Public Accommodation when it
6 has fully complied with the [ADA] and []California's civil rights laws."  ECF No. 10 at 3.  "Such
7 'some day' intentions—without any description of concrete plans, or indeed even any
8 specification of when the some day will be—do not support a finding of the 'actual or imminent'
9 injury that our cases require."  *Lujan*, 504 U.S. at 564, *accord Feezor*, 608 F. App'x at 477.
10 Plaintiff has not met his burden of establishing standing to pursue injunctive relief.  And because
11 injunctive relief is the only relief available to private ADA plaintiffs, this should end plaintiff's
12 ADA claims.[4]  *See Strojnik v. Pasadena Robles Acq., LLC*, 801 F. App'x. 569, 570 (9th Cir.
13 2020) (affirming a district court's dismissal of a plaintiff's ADA claim "for lack of standing
14 because [the plaintiff] failed to demonstrate an intent to return to defendant's hotel or that he was
15 deterred from visiting defendant's hotel").  Accordingly, I recommend that plaintiff's ADA claim
16 be dismissed for lack of standing.

17      **A.**     **State Law Claims**

18      Although plaintiff alleges that defendant violated the Unruh Act and the DPA, *see* ECF
19 No. 1, he has not established standing to pursue his federal claim.  Moreover, the complaint
20 reflects that the amount in controversy is $4,000, well below the threshold for invoking diversity
21 jurisdiction, *see* 28 U.S.C. § 1332; *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552
22 (9th Cir. 1987).  Consequently, plaintiff's state law claims should be dismissed.  *See Carnegie-*
23 *Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law
24 claims are eliminated before trial, the balance of factors to be considered under the pendent

---

[4] It is unnecessary to assess defendant's additional arguments that plaintiff failed to allege an injury-in-fact.  *See* ECF No. 7-1.  I note, however, that many of these arguments appear to find support in other decisions from this district, in which the court has considered other potentially similar claims by plaintiff.  *See, e.g.*, *Gastelum*, 2022 WL 541791.  If plaintiff elects to amend his pleadings, he is encouraged to review these other decisions, since he will be expected to have remedied all deficiencies in his complaint, whether or not addressed in this order.

7

jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

Accordingly, I recommend that defendant's motion to dismiss be granted.  Since there appears to be some possibility that an amended complaint could correct the shortcomings of the current one, I recommend that the court grant plaintiff leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (holding that district courts must afford pro se litigants an opportunity to amend if it appears possible that they can correct the deficiencies in their complaints).

Accordingly, it is hereby ORDERED that:

1. Defendant's request for an extension of time, ECF No. 13, is construed as a motion and granted.

2. Plaintiff's motion to strike, ECF No. 14, is denied.

3. Defendant's request to strike plaintiff's reply, ECF No. 17, is construed as a motion and denied.

Further, it is hereby RECOMMENDED that defendant's motion to dismiss, ECF No. 7, be granted and the complaint, ECF No. 1, be dismissed with leave to amend.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 12, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

9