FILED

SEP 06 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DEPUTY CLERK

Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Fernando Gastelum,

        Plaintiff,

vs.

LL Sacramento LP dba Larkspur Landing Sacramento,

        Defendant.

Case No: 2:21-cv-01481-KJM-JDP

**First Amended Verified Complaint For Damages And Injunctive Relief For Violations Of**: Americans With Disabilities Act; Unruh Civil Rights Act; and Disabled Persons Act

Plaintiff Fernando Gastelum complains and alleges as follows:

## PARTIES

1. Plaintiff is a retired senior citizen with physical disabilities. Plaintiff is missing a leg. Plaintiff uses a wheelchair for mobility and has a specially equipped sport utility vehicle.

2. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use.

3. Defendant owns LL Sacramento LP dba Larkspur Landing Sacramento ("Larkspur") located at 555 Howe Avenue, Sacramento, California 95825.

4. Larkspur is a public accommodation.

## JURIDICTION AND VENUE

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

1

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff's family comes from California. Plaintiff's mother's family comes from Shafter, and his family is located throughout California including Bakersfield, Fresno, San Jose, Modesto and Merced.

9. Plaintiff currently resides in Casa Grande, Arizona, which is the only place where he can afford housing. But for available housing, Plaintiff would prefer to live in California which is closer to his friends, family, California's Central Valley and the chapters of 49ers Faithful Empire Club.

10. Plaintiff also visited the Sacramento area where Larkspur is located innumerable times, in no event less than 30-40 times in the past.

11. Plaintiff stops in the Sacramento area at least 2-4 times per year to lodge, eat or attend a 49ers Empire SoCal barbecue, or on his way to Stockton and Northern California.

12. Plaintiff travels from Casa Grande to Bakersfield, Fresno, Sacramento and sometimes on to Northern California three to four times per year.

13. Plaintiff has travelled to Bakersfield, Fresno and Sacramento more than 20 to 30 times in the past and is quite familiar with the route there.

14. Plaintiff travels to Bakersfield, Fresno, Sacramento and sometimes on to Northern California to get away from the dust and heat of Central Arizona and to enjoy the cool temperate weather of California's Central Valley with its orchards, vineyards, highway fruit stands and rolling hills.

15. Because of the distance between his home in Casa Grande and Bakersfield, Fresno, Sacramento, Plaintiff has no choice but to lodge there.

2

16. Plaintiff travelled to Sacramento the week of June 28, 2021.
17. Plaintiff lodged at Defendant's competitor, Hampton Inn & Suites by Hilton located at 1875 65th Street in Sacramento, CA 95819.
18. At the Hampton Inn & Suites, Plaintiff encountered barriers to accessibility.
19. As a result, Plaintiff decided to not return to Hampton Inn & Suites on his next two planned trips back to Sacramento, which were scheduled for January 25, 2022 and May 19, 2022.
20. Instead, on or about July 3, 2021, Plaintiff visited another nearby hotel, Defendant's Larkspur, which is located just 2.5 miles from Hampton Inn.
21. Plaintiff visited Larkspur to lodge there if it were accessible and also to determine whether it was suitable for his accessibility needs during his next two scheduled trips to Sacramento January 25, 2022 and May 19, 2022.
22. Plaintiff would have preferred to stay at Larkspur in part because it is closer to numerous eateries than Hampton Inn & Suites.
23. Larkspur was not suitable for Plaintiff's accessibility needs for the following non-exclusive reasons:

   a. The hotel has a clearly designated passenger loading zone, but there was no marked access aisle in the passenger loading zone. This condition makes it more difficult for Plaintiff to enter or exit the vehicle from a wheelchair.

   b. Accessible parking sign was too low. This condition makes the accessible parking more available to fully bodied drivers which limits Plaintiff's access.

   c. There were unsecured carpets at this location. This condition makes it more difficult for Plaintiff to move his wheelchair over the carpets.

   d. Numerous doors on accessible routes require greater than 5 lbs of force to open. This condition made it more difficult for Plaintiff to enter the doors with my wheelchair.

   e. Accessible parking is not dispersed to all accessible entrances. This condition makes it more difficult for me to access each entrance at the shortest possible route.

3

24. These barriers relate to and impact the Plaintiff's disability. Plaintiff personally encountered these barriers and photographically documented them.

25. Plaintiff returned to Sacramento on January 25, 2022 and then again on May 19, 2022, but was again deterred from lodging at Larkspur where he again encountered barriers to accessibility.

26. Plaintiff revisited Larkspur on January 25, 2022 and then again on May 19, 2022, with a view of lodging there if it had become accessible, but discovered each time that it had not become accessible.

27. Plaintiff intends to return to Sacramento in January of 2023, but is deterred from lodging at Larkspur unless he is assured that Larkspur is fully compliant with the ADA and Unruh.

28. As a wheelchair user, Plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, Defendants denied the plaintiff full and equal access.

29. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

30. Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

31. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove.

**FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
(42 U.S.C. section 12101, et seq.)

32. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

33. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone

who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Hotel are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

34. When a hotel provides lodging facilities, the facilities must comply with ADA Standards.

35. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

36. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
(Cal. Civ. Code § 51-53.)

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The

5

Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

38. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

39. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

40. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

### THIRD CAUSE OF ACTION - DISABLED PERSONS ACT
### (Cal. Civ. Code §§54-54.3)

41. Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

42. Defendant violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

43. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

44. Plaintiff has been aggrieved by each of Defendant's non-compliance with the DPA.

45. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

6

46. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award damages and provide relief as follows:

    a. For injunctive relief compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.

    b. For injunctive relief requiring Defendant to adopt written and enforceable "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." assure compliance with 42 U.S.C. §12182(b)(2)(A)(ii) / 28 C.F.R. §36.302.

    c. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each encounter for the total of $12,000.00.

    d. In the event Plaintiff is required to hire counsel, for reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205.

## REQUEST FOR JURY TRIAL:

Plaintiff requests a trial by a jury.

RESPECTFULLY SUBMITTED on September 1, 2022.



Fernando Gastelum

The original and one copy of the foregoing mailed to the District Court. Copy emailed to counsel for Defendant

/s/

7